SAMUEL GREENBERG, PLAINTIFF-RESPONDENT, v. STEVE O'BRODSKY ET AL., DEFENDANTS-APPELLANTS.

Submitted October 12, 1934—Decided February 18, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellants, *Alan Kraut* and *William F. Hanlon.*

For the respondent, *Louis Hoberman.*

Per Curiam.

The facts in this case seem to be without substantial dispute. Plaintiff was driving an automobile northerly on Hudson Boulevard in Jersey City. At the intersection of the boulevard with Sip avenue he came to a stop because the traffic light was red against him. A bus owned by the defendant Dreyer & Heineman Bus Company and operated by the other defendant O'Brodsky, drew up along the left side of plaintiff's car, traveling in the same direction, and stopped because of the red traffic signal. Defendant O'Brodsky left his bus and came over to the plaintiff's car and engaged him in a wordy altercation, claiming that plaintiff had several times turned shortly ahead of the bus and cut off the bus' progress. Plaintiff remained seated in his car with the door closed. O'Brodsky returned to his bus and thereupon the plaintiff opened the left door of his automobile intending to go to the bus and continue the argument with O'Brodsky. At this point the traffic light changed to green and the bus started with the door open, according to plaintiff's testimony, and the bus ran into the door of plaintiff's car and damaged the door and the left side of the body. The plaintiff also sustained some injuries from the impact.

So far as the facts of the collision go, there was a clear question of fact as to whether there was negligence in the operation of the bus so that the collision and consequential damage to the plaintiff and his automobile resulted.

This, likewise, is true of the other ground of the motions, namely that the plaintiff was guilty of contributory negligence.

The next point is the refusal of the trial judge to permit the plaintiff to be asked, on cross-examination, as to the value of the automobile after some but not all of the repairs had been made. The state of the case indicates that plaintiff testified the car was reasonably worth $750 before the collision; and that after the collision it was reasonably worth, in its damaged condition, before repairs $500. On cross-examination the plaintiff was asked whether the car was repaired and he replied that it was in part. He enumerated the damage and was then asked as to the value of the car

in its repaired condition. This was objected to on the ground that the repairs had not been completed and the objection was sustained. In the state of the proofs, the objection was well taken. Obviously the value of the car with repairs partially made did not indicate the measure of damage to the car.

The judgment is affirmed, with costs.